FITZGERALD, S.　Under the will of decedent, as I construe it, the interest which testator's grandson Joseph W. Lawrence took in the Fifty-Seventh street property was liable to be defeated by his death during the lifetime of the widow, and his issue and his sisters and their issue were entitled to a contingent interest therein. The widow having refused to accept the life estate devised to her in the said property, and elected to take her dower, Joseph W. Lawrence became entitled to a defeasible, vested estate or interest in possession in the property.　Joseph W. and Frances Lawrence and Mary Cecelia Sniffin, the children of testator's son Joseph B., the devisees of the Seventy-Second street property, in which the widow was given a life estate, became entitled, upon her exercising her election to take dower, to an absolute, indefeasible estate in possession in that property, subject, however, to let in to share therein any other issue of Joseph B. that may be in existence at the time of the death of the widow.　The election by the widow having necessitated the appropriation of part of the proceeds of the sale of the real estate given to others to satisfy her dower, it is claimed that these parties should be compensated out of the property of those who have benefited as a result of such election.　I think the claim is well founded.　Those who have so benefited should contribute in proportion to the benefit received to make up the losses of the others.　Sarles v. Sarles, 19 Abb. N. C. 322, citing Yeaton v. Roberts, 8 Fost. 459; Timberlake v. Parish's Ex'r, 5 Dana, 345; also, Tehan v. Tehan, 83 Hun, 368, 370, 31 N. Y. Supp. 961.　Joseph W. and Frances Lawrence, and Mary Cecelia Sniffin, and the other possible issue of Joseph B., to whom the Seventy-Second and Fifty-Seventh street properties were given, are the only persons who have benefited by the change effected in the dispositions of the will by the election of the widow to take her dower. They should therefore contribute in proportion to the benefits received by them to supply the loss which would otherwise be sustained by the residuary legatees; and Joseph W., in addition, should contribute to the making up of the principal of the fund to which he may be eventually entitled, and in which his issue, his sisters, and their issue have a contingent interest.　The decree will provide for the payment of taxes and also a sum sufficient to meet the probable cost of the action against the executors, and the $10,000 bequest to Frances Lawrence in the fourth clause of the will.

Decreed accordingly.

---

(36 Misc. Rep. 277.)

## In re IRWIN'S ESTATE.

(Surrogate's Court, New York County.　November, 1901.)

TRANSFER TAX—RES JUDICATA.

　　Testator gave his executors certain funds in trust to pay the income to his grandson after he attained 30 years, and on his death, leaving issue, it, with accumulations, to be given to such issue.　The tax appraisers omitted to tax such life interest on the ground that the value thereof could not be then ascertained, and that the ultimate legatees were not certain, and therefore postponed such assessment.　*Held* not an adjudication that the interest of the infant was not taxable at all, and therefore on the minor's attaining majority and having issue, and

on the finding that the accumulation beyond his minority is legal, and that he is entitled to the income intermediate his majority and his arrival at the age of 30 years, his interest is taxable.

In the matter of the estate of Robert Irwin, deceased. Appeal from an order assessing transfer tax. Order affirmed.

Frank J. McBarronn, for executors.

Robert C. Taylor, for Irwin A. Powell.

Edward H. Fallows, for comptroller.

FITZGERALD, S. In view of the concession of the comptroller, the only question to be disposed of on this appeal is the taxability of the trust fund of $250,000 created by the seventh clause of the will of decedent for the benefit of his grandson. This fund was given to the executors in trust to hold and invest and receive the income thereof, and they were directed to pay the income to the said grandson "from the time he attains the age of thirty years, during his life, and after his death, leaving lawful issue him surviving," the said sum and all accumulations were given to said issue. The grandson attained majority December 8, 1897, and now has living issue. In September, 1893, a tax appraiser was appointed, who filed a report on June 8, 1897, in which he found that the provision for accumulation of income beyond minority was invalid, and that, as the person entitled to the next eventual estate, the grandson was entitled to the income intermediate his majority and his arrival at the age of 30 years. An order was subsequently entered in accordance with said report which omitted from taxation the trust fund referred to. In the meantime the will had been similarly construed in a proceeding brought for the judicial settlement of the account of the executors and trustees. In 1899 the present proceeding was instituted. The appraiser reported the value of "the life estate in remainder interest passing under paragraph 7 of the will" to the grandson, and from the order entered accordingly this appeal is taken.

The appellant claims that the will, as construed, actually vested in the grandson an interest in said income from the death of testator; that this interest was taxable, if at all, immediately after the death of decedent; that the order entered on the first appraisal purported to assess and tax, and actually did assess and tax, the interests of said grandson; that the omission to tax his interest in the trust fund at that time is an adjudication that it was exempt, and the state is barred by the order then entered from asserting that any interest which was then taxable can now be taxed. It will be observed that the first appraiser reported that these interests were not then taxable, for the reason that their value could not then be ascertained, and the ultimate legatees were indefinite and uncertain. Thus there was an express reservation of the taxation of these interests, which, while not incorporated in the order, explains the omission. The doctrine of res adjudicata has no application; for there was not only no judgment of exemption, but a specific postponement of a consideration of the matter. The order, in so far as it taxes the transfer of this interest, is affirmed.

Order affirmed.